IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON EDWARD GILLENWATER | ) | CASE NO. 12-71022 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |

## MEMORANDUM DECISION

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 25, 2012. On June 29, 2012, the Debtor filed a Homestead Deed in the Clerk's Office of the Circuit Court of Wise County, Virginia that claimed the following property as exempt under the Code of Virginia § 34-4, as amended: "Reimbursed money to mother, Joyce Gillenwater, payment made 2/2/12 claimed as exempt $3,000.00."

On July 25, 2012, the Trustee filed an Objection to Exemption stating that the Debtor was not in possession of the $3,000.00 he paid to his mother on February 2, 2012 and, therefore, did not retain a sufficient ownership interest in those funds to be able to file a homestead deed as to them. The Debtor filed a Response to the Objection asking that the Objection be overruled. The Debtor asserts that he retains an interest in all property that is property alleged to be part of the bankruptcy estate, specifically any property alleged to have been transferred to someone alleged to be an insider within one year of the bankruptcy filing date, and that he is entitled to exempt such property by a properly filed homestead deed. There is no allegation that the homestead deed was improperly filed or that the amount claimed exceeds the amount the Debtor is entitled to claim.

On September 4, 2012, the parties filed a Stipulation of Facts waiving the presentation of evidence and argument and requesting the Court to issue a ruling. The

stipulations state that, on June 28, 2012, the Debtor appeared at the meeting of creditors required by 11 U.S.C. § 341.  At the meeting of creditors, the Debtor testified that he paid $3,000.00 to his mother, Joyce Gillenwater, to repay a debt to her and that the payment occurred within twelve months prior to the filing his of case.  Further, the stipulation states that, at the time the Debtor filed his petition and at the time he claimed his homestead exemption, the Debtor was not in possession of the $3,000.00 he paid to his mother on February 2, 2012.  Finally, the stipulation notes that the Trustee filed an Objection to the Debtor's claimed exemption within 30 days after the conclusion of the meeting of creditors and that the sole basis of the Trustee's Objection is that the Debtor was not in actual physical possession of the $3,000.00 paid to Debtor's mother on the date he filed the homestead deed.

Prior to the scheduled hearing on the Trustee's Objection, the Court sent both the Trustee and Debtor's counsel a copy of the Court's prior decision in *In re Conley*, Case No. 7-02-05116-WSA-7 (Bankr. W.D. Va. July 30, 2003), and *In re Matney*, Case No. 7-02-04796-WSA-7 (Bankr. W.D. Va. July 30, 2003).  Counsel agreed to submit the matter to the Court based on the pleadings and stipulation of facts and waived the opportunity for either oral or written argument on the matter.  Accordingly, the matter is ripe for decision.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the validity of a Debtor's claim of exemption of property from the bankruptcy estate when challenged, as is the case here, by a duly and timely filed objection is

defined as a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court further concludes that it has constitutional authority to enter a final order upon such an objection because the determination of the extent of the bankruptcy estate and any exemptions from it is essential to the administration of the bankruptcy estate.

This Court has previously dealt with the precise issue presented here in a 2003 decision in the combined cases of *In re Conley* and *In re Matney*. At that time the Court did not publish its decision, but the recurrence of the same issue in this case persuades the Court that it should have done so. Neither party in the present case has presented any argument as to why the Court's prior analysis was mistaken then or is no longer valid due to any legal developments since then. The Court's own review has not disclosed any subsequent decisions or statutory amendments which would supercede the ruling made in the 2003 decision. Upon the rationale there set forth, the Court will sustain the Trustee's objection. For the convenience of the parties and any reviewing court, a copy of that decision will be attached as an exhibit to this Decision. The portions of that decision which are applicable to the issue raised by the Trustee in this case are hereby incorporated by reference. An order to such effect will be entered contemporaneously herewith.

This 18th day of September, 2012.

_____
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ANTHONY DRAYTON CONLEY<br>CAROL ANN CONLEY | CASE NO. 7-02-05116-WSA-7 |
| CHARLES WILLIS MATNEY<br>BELINDA DARLENE HUDSON MATNEY | CASE NO. 7-02-04796-WSA-7 |
| DEBTORS | |

## JOINT MEMORANDUM DECISION

In both of these cases the Chapter 7 Debtors, shortly prior to their bankruptcy filings, voluntarily paid certain of their creditors from funds they obtained as follows: Anthony and Carol Conley ("the Conleys") from their 2002 income tax refund and Charles & Belinda Matney ("the Matneys") from funds obtained from a distribution of Mr. Matney's "401K" plan account. They disclosed these payments in their petitions and schedules of affairs and sought to exempt them in Schedule C of their respective schedules. The Trustee has objected to these claimed exemptions. The stated basis for the objection in the Conley case includes three elements: failure to claim the property as exempt in Schedule C, that the Debtors have not exempted the entire value of the property, and that the Debtors cannot exempt voidable preference payments under Va. Code § 34-4. Actually the Conleys did claim the payments as exempt in their Schedule C and the first stated ground of objection is not factually supported. The objection in the Matney case describes the property in question as "$3,000 voidable preference payment to Coalfield Services" but fails to note any specific legal or factual basis for the objection. There is no factual dispute between the parties.

EXHIBIT

The Conleys filed a Chapter 7 bankruptcy petition on December 18, 2002. They claimed as exempt under the Virginia homestead exemption allowed by Va. Code § 34-4 payments made in November 2002, that is within ninety days preceding the filing, to Ann Kinser[1] in the amount of $1,000, Bland County Pharmacy of $1,700, and Napa Auto Parts of $900. These payments were made from their 2001 income tax refund and were for antecedent debts. Their counsel represents that to "assure a fresh start for the Conleys, they need to be able to purchase the needed medication and maintain their transportation to travel to work and doctor appointments."

The Matneys filed their Chapter 7 petition on November 22, 2002. They claimed as exempt under the Virginia homestead exemption statute a payment made in September, 2002, also within ninety days of their filing, to Coalfield Services of $3,000, the employer of Mr. Matney, paid from the proceeds of the liquidation of his "401K Plan" account with that same employer. This payment was also to satisfy an antecedent debt. Their counsel represents that to "assure a fresh start for the Matneys, he needs to keep in the good graces of his employer to have an income to support his family."

In both petitions the payments in question were disclosed and have been claimed by the Debtors as exempt. Also in both cases they filed timely homestead deeds pursuant to *Va. Code* § 34-4 to support such exemption claims.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. These are "core" bankruptcy proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

---

[1] According to the Trustee, Ann Kinser is Mrs. Conley's mother.

-2-

Section 522(g) of the Bankruptcy Code provides that a bankruptcy debtor may exempt property which the bankruptcy trustee recovers under various sections of the Code, including section 550, "to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred". Such exemption right, however, is only applicable, however, if (1) the transfer was "not a voluntary transfer of such property by the debtor" (§ 522(g)(1)(A)), and the "debtor did not conceal such property" (§ 522 (g)(1)(B)), or (2) the "debtor could have avoided such transfer under subsection (f)(2) of this section". (§ 522(g)(2)). Dealing with the latter test first, subsection (f)(2) of section 522 concerns a debtor's right to avoid certain liens which impair an exemption to which the debtor is otherwise entitled, but only in two situations, if the lien is a judicial lien or is a "nonpossessory, nonpurchase-money security interest" in certain specified types of tangible personal property. Neither of these situations is relevant to the present disputes as the transfers were voluntary payments, not ones which created a lien or security interest, and the property in question is money, not tangible personal property. Neither is the first test satisfied because, although the Debtors certainly did not conceal the transfers, equally clearly they were voluntary payments. For a valid exemption claim to be made, the payments had to be both disclosed and involuntary. Consequently, if the transfers in question were avoided by the Trustee as preferential payments on antecedent debts, § 522(g)(1)(A) would preclude the Debtors from attempting to exempt them.

Of course at this point the Trustee has not avoided or even sought to avoid the transfers but has simply objected to the Debtors' exemption claims. The Debtors claim that they are entitled under § 522(b) to claim exemptions in these payments. They rely on the general and often cited principle that the Virginia homestead exemption should be interpreted liberally for the

benefit of hard-pressed debtors. *Mayer v. Quy Van Nguyen (In re Quy Van Nguyen)*, 211 F.3d 105 (4th Cir. 2000); *In re Hasse*, 246 B.R. 247 (Bankr. E.D.Va. 2000); *In re Edwards*, 105 B.R. 10 (Bankr. W.D. Va. 1989). This assertion raises the question, then, whether the Virginia homestead exemption permits one to claim an exemption in property which he owned but which he has since used to pay a valid debt. There is certainly nothing improper under Virginia law for a debtor to choose among his creditors which of them will be paid and to prefer the payment of certain creditors over others, assuming that he does not do so with any intent to hinder, delay or defraud his non-preferred creditors. *Va. Code* § 55-80 (Repl. Vol. 1995); *Bank of Commerce v. Rosemary & Thyme, Inc.*, 218 Va. 781, 239 S.E.2d 909 (1978). The legal obligation for the debt furnishes the consideration for the payment. Once the payment has been made, the money is no longer that of the debtor but belongs to the satisfied creditor who is free outside of bankruptcy to retain it with no responsibility to share with the disappointed creditors.

The general purposes of the Virginia "poor debtor's exemption" provided by section 34-4 of the Virginia Code have been described as follows:

> In analyzing the trustee's objection, the Court is mindful that the Virginia Homestead Exemption is intended to shield helpless and unfortunate debtors and their families from the onslaught of creditors, and consequently must be liberally construed so as to afford the relief which the legislature intended the debtor to enjoy.

*In re Hayes*, 119 B.R. 86, 88 (Bankr. E.D. VA. 1990)

> The purposes of homestead exemptions are two-fold. First, they protect debtors from being left destitute from creditor process by allowing debtors to retain stakeholds. *Fulton v. Roberts*, 113 N.C. 421, 18 S.E. 510, 513 (1893). Second, by requiring a homestead deed to be filed in the jurisdiction in which the debtor resides, it enables creditors to ascertain by inspection whether the debtor is underestimating the value of the property he claims exempt thereby keeping to himself property that should be subjected to the payment of his debts. *In re*

*Waltrip*, 260 F.Supp. 448, 451-452 (E.D. Va., 1966). Courts in Virginia are required to liberally construe statutes relating to homestead laws in favor of debtors in order to protect the debtors and their families. *Home Owners Loan Corporation v. Reese*, 170 Va. 215, 196 S.E. 625, 626 (1938).

*In re Smith*, 22 B.R. 866, 867 (Bankr. E.D. Va. 1982). *See also* 8A Michie's Jurisprudence 375-76, Exemptions From Execution and Attachment § 3 (1997 Repl. Vol.) Bearing such purposes in mind, it would be strange to uphold an exemption claim in property which the distressed debtor no longer owns to the potential prejudice of other property, either then owned or which might be acquired later, which might be of some actual current or future benefit to him. There is no Virginia case authority which the Court has located precisely on point, probably because outside of bankruptcy there is no apparent reason for a debtor to claim an exemption for property which he has used previously to pay a legally enforceable debt, assuming the lack of any intent on his part to hinder, delay or defraud other creditors. Judge Shelley of the Bankruptcy Court for the Eastern District of Virginia had occasion in the case of *In re Duty*, 78 B.R. 111 (Bankr. E.D. Va. 1987) to deal with an assignment of personal injury settlement proceeds for the benefit of a medical service provider. The debtor attempted to claim an exemption under section 34-28.1 of the Virginia Code in the personal injury claim. After holding that the assignment was effective to transfer legal title to the injury claim proceeds to the extent of the value of the services covered by the assignment, Judge Shelley held that the debtor had "no title in the proceeds covered by the assignment and [could not] claim an exemption in them." 78 B.R. at 117. While the assignments considered by Judge Shelley were executed more than ninety days prior to the bankruptcy filing, the same principle would seem to be applicable as to a debtor's right to claim a homestead exemption under Virginia law in money to which he no

longer has any legal title or claim of entitlement. This Court agrees with Judge Shelley's analysis and concludes that there is no right under Virginia law to claim an exemption in property no longer owned by the exemption's claimant.[2]

The Debtors' claims of exemptions for their voluntary pre-petition payments to creditors must fall for two additional reasons flowing from provisions of the Bankruptcy Code.

First, for a debtor properly to claim an exemption in the original schedules, the property claimed as exempt must be part of the bankruptcy estate on the date of filing. *In re Bethea*, 275 B.R. 127, 130-32 (Bankr. D. Dist. Cal. 2002); *In re Woodin*, 294 B.R. 436 (Bankr. D. Conn. 2003); *see also* 11 U.S.C. § 522(a)(2)(" 'value' means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate.") *See Owen v. Owen*, 500 U.S. 305, 308 (1991) ("No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property 'from property of the estate'; obviously, then, an interest that is not possessed by the estate cannot be exempted.") Although as counsel for the Debtors points out, the bankruptcy estate is defined in section 541(a)(3) to include property recovered by the Trustee pursuant to 11 U.S.C. § 550, which includes recoveries of avoidable preference payments under Code § 547, a debtor may only claim an exemption in property not owned by him on the filing date once the property has been recovered. *In re Bethea, supra*, 275 B.R. at 131. The reasons why the Debtors

---

[2] Judge Leonard similarly held that a bankruptcy debtor could not assert an exemption under North Carolina law to a motor vehicle owned by her co-debtor husband. *In re Horstman*, 276 B.R. 80, 82-83 (Bankr. E.D.N.C. 2002). *Accord, In re Cohen*, 263 B.R. 724, 727 (Bankr. D.N.J. 2001)(New Jersey law).

in the present cases are precluded from subsequently claiming an exemption in the transfers in question, were they to be avoided by the Trustee, have previously been discussed.

Second, if the preferential payments made by the Debtors were to be recovered by the Trustee, *as to the Debtors* they would still be preserved under 11 U.S.C. § 551 for the benefit of the bankruptcy estate and their creditors generally. *See In re Bethea, supra*, 275 B.R. at 133; *In re Richards*, 275 B.R. 586, 592-93 (Bankr. D. Colo. 2000). Accordingly, even if the transfers are avoided as far as the recipients of the preferential payments are concerned, they are preserved to the extent that such preservation confers a benefit upon the bankruptcy estate and the creditors generally. Only to the extent permitted by 11 U.S.C. § 522(g) may bankruptcy debtors successfully claim exemptions in property recovered or recoverable by the bankruptcy trustee. If the payments in question had been obtained by the creditors involuntarily from the Debtors, such as by means of legal process, the Debtors might successfully claim exemptions in them to the extent allowable under Virginia Law. Because they were made voluntarily, however, Code § 522(g)(1)(A) precludes the claimed exemptions.

The last issue which the Court must deal with is whether the use of "401K" plan assets to pay Mr. Matney's debt to his employer authorizes a claim of exemption in bankruptcy for the payment so made. Clearly if this account had not been liquidated, it would have been excluded from the bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 760 (1992). *See also In re Bissell*, 255 B.R. 402 (Bankr. E.D. Va. 2000). The debtors cite a Virginia decision to the effect that the proceeds of an exempt asset retain their exempt nature. *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963)(sale proceeds of real estate owned as tenants by the entireties were similarly owned and exempt from claims of husband's creditors). Certainly this decision would

arguably be relevant if Mr. Matney had kept the proceeds separate and attempted to claim them exempt in bankruptcy.[3] That is not what he did, however. When he used these proceeds to pay his employer and certain other obligations, including his legal fees in this bankruptcy case, he received value in connection with their disposition and waived any possible right to continue to claim them as exempt.

Finally, the Court desires to explain why it has not felt it appropriate to uphold the Debtors' claimed exemptions as a matter of equity[4] on the ground that the Debtors could validly have waited until after their respective filing dates, after claiming the funds as exempt on their homestead deeds, and then paid their preferred creditors without fear of attack from the Trustee. In short, why the Trustee be heard to complain because the Debtors have used moneys which they could properly have exempted to pay certain of their creditors post-petition when instead they have paid them pre-petition? More pithily, if there has been no real harm, why should a foul be called? This consideration has troubled the Court, as has the recognition that the Debtors themselves have considered the protection of these payments sufficiently important to them that they have devoted some of their quite limited homestead exemptions to try to protect them, and

---

[3] *But see In re McCollum*, 287 B.R. 750 (Bankr. E.D. Mo. 2002)(Missouri law exempted debtor's "right to receive" any payment under a pension or retirement plan; exemption lost because funds were taken from the account prior to case commencement); *In re Carbaugh*, 278 B.R. 512 (10th Cir. BAP 2002)(ERISA exemption lost when funds distributed even though not commingled with debtor's other assets).

[4] *See General Motors Acceptance Corporation v. Smith*, 377 F.2d 271, 274 (4th Cir. 1967)("In a bankruptcy proceeding it is especially appropriate to consider equitable principles and to disregard technicalities."); *Braddy v. Randolph*, 352 F.2d 80, 84 (4th Cir.1965); *Brockington v. Scott*, 381 F.2d 792, 794 (4th Cir. 1967); *Pepper v. Litton*, 308 U. S. 295, 305 (1939)(Bankruptcy courts may exercise their equitable powers so that "substance will not give way to form, that technical considerations will not prevent substantial justice from being done.").

caused it to seek additional comment from counsel and the Trustee. The Court has concluded after mature consideration that it ought not overrule the Trustee's objections for the following two reasons:

1. To do so would require it to ignore provisions of the Bankruptcy Code and, so far as the Court can determine, an unbroken line of case authority to the contrary.[5] As Judge MacDonald noted in the *McCollum* case, *supra*, he could not award the claimed exemption of the proceeds of a retirement account as a matter of equity because the Court's equitable powers were "constrained by the provisions of the Bankruptcy Code", citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.") Furthermore, as the Trustee has pointed out, the Fourth Circuit Court of Appeals in a recent opinion has held that an exemption which could properly have been claimed by a debtor may be forfeited as a result of his pre-petition transfer of the otherwise exemptible asset. *See Tavenner*

---

[5] *See, e.g., In re Sloma*, 43 F.3d 637, 640 (11th Cir. 1995)("Having transferred his property interest to a creditor, a debtor cannot claim as exempt property that he does not own."); *In re Rollins*, 63 B.R. 780, 783 (Bankr. E.D. Tenn. 1986)("When the debtor voluntarily grants a security interest in his property, he gives up or renders ineffective his right to exempt the property up to the amount of the secured debt. [citations omitted] The debtor cannot undo this encumbrance of his exemption simply because a third party, the bankruptcy trustee, has acquired rights superior to the creditor's rights."); *In re Ringham*, 294 B.R. 204 (Bankr. D. Mass. 2003) (Debtor granted a second mortgage to her mother pre-petition to secure an alleged debt, the mother voluntarily cancelled the mortgage after the bankruptcy trustee stated it would be challenged, the debtor lost her exemption claim to the property due to the voluntary grant of the mortgage even though, according to the court, she otherwise could have claimed the Massachusetts homestead exemption, discharged her debt, and voluntarily repaid her mother after bankruptcy. p. 206, fn. 6); as well as other decisions cited elsewhere in this opinion. "Thus, generally, property that was voluntarily transferred by the debtor and recovered by the trustee under section 550 and preserved under section 551 cannot be exempted." 5 Collier on Bankruptcy § 551.02[2] at p. 551-5 (15th ed. rev.).

*v. Smoot (In re Smoot)*, 257 F.3d 401 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 926. Congress has made a policy judgment that bankruptcy debtors should not have a right to claim as exempt pre-bankruptcy transfers which they have voluntarily made even when fully disclosed. It is not this Court's prerogative to overrule this judgment.

    2. While there is certainly nothing reprehensible at all in the Debtors' desire to pay certain of their creditors with funds which they could legitimately keep for themselves, it is a result which is inconsistent with a key bankruptcy policy of creditors similarly situated sharing pro rata in any non-exempt assets of their debtor which are available for distribution. By their actions the Debtors have attempted to shield the creditors with whom they have the closest relationships from the consequences of their financial misfortune and to leave their other creditors "high and dry". The result of the Court's decision in these cases is certainly no more harsh than results reached in other cases where debtors have lost assets to their creditors which they could have but failed for whatever reason to claim as exempt in Schedule C of their petitions, or where they have claimed exemptions but then failed to perfect their claims under applicable state law, such as by filing a Virginia homestead deed after the deadline provided by *Va. Code* § 34-17. Indeed, in those cases the Debtors may have desperately needed the assets lost to their creditors. In the present cases the Debtors have paid certain of their creditors and thereby voluntarily waived their rights to keep the moneys used for themselves and to assist in their post-bankruptcy fresh starts.

    For these reasons the Court, by separate orders, will sustain the Trustee's objections to the Debtors' claims of exemptions to the pre-bankruptcy payments which they made to certain of their creditors within ninety days preceding the filing of their respective petitions. Nothing in

-10-

this Decision should be interpreted as indicating any ruling by this Court as to whether the Trustee can establish a right of recovery against the recipients of the allegedly preferential payments. Such parties are not before the Court and they might well have defenses to the Trustee's avoidance claims. The only issue addressed in this Decision is the Debtors' exemption claims to voluntary payments made to certain of their creditors prior to their bankruptcy fillings.

This 30th day of July, 2003.

_____
UNITED STATES BANKRUPTCY JUDGE